# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc., its subsidiaries and affiliates,<br><br>                        Plaintiff,<br><br>vs.<br><br>RENAE KEPPERS,<br><br>                        Defendant. | CASE NO. 10-cv-2613 - IEG (CAB)<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO VACATE THE COURT'S AUGUST 29, 2011 ORDER**<br><br>**(2) GRANTING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 15]<br><br>**(3) DENYING MOTION FOR DEFAULT JUDGMENT; AND**<br><br>[Doc. No. 7]<br><br>**(4) DISMISSING COMPLAINT WITH PREJUDICE** |

Presently before the Court is Plaintiff Stephen J. Donell ("Plaintiff")'s motion to vacate the Court's August 29, 2011 Order denying Plaintiff's motion for default judgement without prejudice and Plaintiff's motion for reconsideration of his motion for default judgment. [Doc. No. 15.] After a thorough review of all submissions, and for the reasons stated below, the Court **GRANTS** Plaintiff's motion to vacate the Court's August 29, 2011 Order, **GRANTS** Plaintiff's motion for reconsideration of his motion for default judgment, **DENIES** Plaintiff's motion for default judgment, and **DISMISSES WITH PREJUDICE** Plaintiff's complaint.

///

## BACKGROUND

Defendant Renae Keppers ("Defendant") allegedly obtained funds derived from a Ponzi scheme perpetrated by Learned Waterhouse, Inc. ("LWI"), its subsidiaries and affiliates, and its principals. [Doc. No. 1, Compl. ¶¶ 37-38.] All of LWI's payments to Defendant occurred on or before November 6, 2003. [Doc. No. 7-4, Declaration of James T. Schaefer ("Schaefer Decl.") ¶¶ 5-8, Exs. 2-4.]

Following the commencement of an action by the Securities and Exchange Commission ("SEC") against LWI and its affiliates, the district court appointed a receiver, Thomas F. Lennon, and that receiver was later succeeded by Plaintiff Stephen Donell. See SEC v. Learn Waterhouse, Inc., No. 04-cv-2037-W (LSP) (S.D. Cal., Order filed Oct. 12, 2004 [Doc. No. 9]); id. (Order filed Nov. 4, 2009 [Doc. No. 566]). Acting in his role as receiver, Plaintiff filed a complaint in this Court on December 20, 2010. [Compl.] Alleging that LWI's payments to Defendant amounted to fraudulent transfers, Plaintiff asserted three claims under California's Uniform Fraudulent Transfer Act ("UFTA"), and one claim for unjust enrichment. [See id.] When Defendant failed to respond to the complaint, and after the Clerk of Court entered default, Plaintiff filed a motion for default judgment. [Doc. Nos. 6-8.]

Because Plaintiff's complaint and motion revealed that approximately seven years passed between the fraudulent transfers and the filing of Plaintiff's complaint, on July 25, 2011, the Court ordered Plaintiff to show cause why each of his claims should not be dismissed as barred by the relevant statute of limitations. [Doc. No. 9.] Plaintiff filed a response to the order to show cause where he acknowledges that all but one of the fraudulent transfers took place outside the statute of limitations for fraudulent transfers, but nevertheless argues that he is entitled to recover $6,000 for a transfer that took place on November 6, 2003. [Doc. No. 10 at 4-5.] Plaintiff also argues in the response that his unjust enrichment claim is not barred by the relevant statute of limitations, which he contends Defendant waived. [See id. at 5-6.]

In addition, because neither Plaintiff's complaint nor his motion for default judgment established that the Court has personal jurisdiction over Defendant, on August 10, 2011, the Court ordered Plaintiff to show cause why the matter should not be dismissed for lack of personal

1 jurisdiction. [Doc. No. 12.] Plaintiff filed a response to the order to show cause where he argued
2 that the Court has personal jurisdiction over Defendant through the interplay of Federal Rule of
3 Civil Procedure 4(k)(1)(D), 28 U.S.C. § 1692, and 28 U.S.C. § 754. [Doc. No. 13.]
4     On August 29, 2011, the Court denied without prejudice Plaintiff's motion for default
5 judgment and dismissed without prejudice the action for lack of personal jurisdiction. [Doc. No.
6 14.] Specifically, the Court found that Plaintiff failed to show that a copy of the complaint in the
7 original SEC action had been filed in the District of Minnesota in compliance with 28 U.S.C. §
8 754. [Id. at 4.] In the order, the Court did not address whether Plaintiff's claims were barred by
9 the relevant statute of limitations. [See id.] By the present motion, Plaintiff seeks an order
10 vacating the Court's August 29, 2011 order denying his motion for default judgment and
11 dismissing the action for lack of personal jurisdiction. [Doc. No. 15.] In addition, Plaintiff seeks
12 reconsideration of his motion for default judgment. [Id.]

13 **DISCUSSION**

14 **I.    Plaintiff's Motion to Vacate and Motion for Reconsideration**

15     A district court may reconsider a prior order "under either Federal Rule of Civil Procedure
16 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." Sch. Dist. No.
17 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Under either theory a court's decision to
18 grant or deny a motion for reconsideration is reviewed for abuse of discretion. Id.
19     Plaintiff moves for relief pursuant to Federal Rule of Civil Procedure 60(b). [Doc. No. 15-
20 1 at 6-7.] "Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise,
21 or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied
22 or discharged judgment; or (6) extraordinary circumstances which would justify relief." Sch. Dist.
23 No. 1J, 5 F.3d at 1263 (internal quotation marks omitted).
24     Plaintiff argues that both subsection (2)–"newly discovered evidence"–and subsection
25 (6)–"extraordinary circumstances"–apply to the present situation. [Doc. No. 15-1 at 6-7.] Newly
26 discovered evidence for purposes of Rule 60(b)(2) is evidence that was not "in the moving party's
27 possession at the time . . . or could [not] have been discovered with reasonable diligence." Coastal
28 Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 21 (9th Cir. 1987). Rule 60(b)(6)

allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

In the Court's prior order, the Court found that Plaintiff failed to show that a copy of the complaint in the original SEC action had been filed in the District of Minnesota in compliance with 28 U.S.C. § 754. [Doc. No. 14.] This conclusion was based on the Court's review of the docket in SEC v. Learn Waterhouse, Inc., 04-mc-63 (D. Minn., filed Oct. 18, 2004), which showed that only the order appointing Lennon as the receiver was filed in the District of Minnesota. In support of his motions, Plaintiff has presented evidence showing that the SEC complaint was indeed filed, and the complaint not appearing on the docket appears to be due to a clerical error by the intake clerk in the District of Minnesota. Specifically, Plaintiff has presented a copy of the original SEC complaint bearing a stamp showing that it was received by the clerk of the District of Minnesota on October 18, 2004. [Doc. No. 15-2, Declaration of Catherine Schiaffo ("Schiaffo Decl.") Ex. A.] This time stamp is sufficient evidence to show that the complaint was indeed filed in that district. See Riordan v. State Farm Mut. Auto. Ins. Co., 589 F.3d 999, 1003-04 (9th Cir. 2009). Plaintiff also points out that although the docket shows that only the order appointing Lennon as the receiver was filed, the text of the docket states that the complaint was attached to this order.

Although the evidence presented by Plaintiff does not constitute "newly discovered evidence" for the purposes of Rule 60(b)(2), the Court concludes that this is an "extraordinary circumstance" justifying relief pursuant to Rule 60(b)(6). The Court's prior order appears to be based on a clerical error by the intake clerk in the District of Minnesota. In addition, the Court's denial of Plaintiff's motion for default and its dismissal of the action were both without prejudice. [See Doc. No. 14.] Accordingly, the Court **GRANTS** Plaintiff's motion to vacate the Court's August 29, 2011 order, and **GRANTS** Plaintiff's motion for reconsideration of his motion for default judgment. The Court reconsiders Plaintiff's motion for default judgment below.

///

**II.     Plaintiff's Motion for Default Judgment**

    **A.     Legal Standard for a Default Judgment**

A district court has discretion to grant or deny a motion for default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion to grant or deny relief, the district court should consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

    **B.     Analysis**

For the reasons stated below, although Plaintiff has shown that this Court has personal jurisdiction over Defendant, all of Plaintiff's claims are barred by the relevant statute of limitations and should be dismissed with prejudice. Therefore, the third Eitel factor–the sufficiency of the complaint–outweighs, and in some cases impacts, the Eitel factors that would otherwise weigh in favor of granting the motion. See, e.g., Taiwan Civ. Rights Litig. Org. v. Kuomintang Bus. Mgmt. Comm., 2011 U.S. LEXIS 124812, at *9-10 n.6 (N.D. Cal. Oct. 13, 2011) (denying motion for default judgment where the district court found that plaintiff's complaint should be dismissed as barred by the relevant statute of limitations).

        **1.     Personal Jurisdiction**

A district court "has an affirmative duty" to determine whether it has personal jurisdiction over the defendant before entering a default judgment. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). In considering whether to enter a default judgment, a court may dismiss an action *sua sponte* for lack of personal jurisdiction. Id. "It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).

Plaintiff argues that the interplay of Federal Rule of Civil Procedure 4(k)(1)(D), 28 U.S.C. § 1692, and 28 U.S.C. § 754 confers personal jurisdiction in a receivership action over any person with minimum contacts to any district where a section 754 filing has been timely made. [See Doc. No. 13 at 2-4.] Plaintiff further argues that this Court has personal jurisdiction over Defendant, a

Minnesota resident, because the original receiver filed documents in the District of Minnesota in compliance with section 754. [Id. at 4.]

Federal Rule of Civil Procedure 4(k)(1)(D) provides that "service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant . . . when authorized by a statute of the United States." FED. R. CIV. P. 4(k)(1)(D) (emphasis added). 28 U.S.C. § 1692 is a statute that provides the needed authorization to establish jurisdiction over a person within the meaning of Rule 4(k)(1)(D). SEC v. Bilzerian, 378 F.3d 1100, 1103 (D.C. Cir. 2004). Section 1692 provides in pertinent part:

> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district but orders affecting the property shall be entered of record in each of such districts.

28 U.S.C. § 1692. The Ninth Circuit has explained that section "1692 extends 'the territorial jurisdiction of the appointing court . . . to any district of the United States where property believed to be that of the receivership estate is found, provided that the proper documents have been filed in each such district as required by § 754.'" SEC v. Ross, 504 F.3d 1130, 1146 (9th Cir. 2007); accord. Bilzerian, 378 F.3d at 1104. Section 754 sets forth the following filing requirements:

> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

28 U.S.C. § 754.

The Court agrees with Plaintiff that if the previous receiver had complied with the filing requirements of section 754, then the Court would have personal jurisdiction over Defendant pursuant to section 1692. The complaint alleges that Defendant is a resident of Minnesota. [Compl. ¶ 15.] Therefore, in order to comply with section 754, the original receiver, Thomas F. Lennon, must have filed both a copy of the complaint and a copy of the order appointing him as a receiver in the District of Minnesota within 10 days of being appointed as the receiver. See 28 U.S.C. § 754. Plaintiff has submitted documents showing that both a copy of the complaint and a copy of the order appointing Lennon as a receiver were filed in the District of Minnesota on October 18, 2004–six days after Lennon was appointed. [Doc. No. 13, Declaration of Peter A.

1  Davidson Ex. 1; Doc. No. 15-2, Schiaffo Decl. Exs. A-B.] Accordingly, the original receiver
2  complied with the filing requirements of section 754, and this Court has personal jurisdiction over
3  Defendant pursuant to section 1692.

### 2. Statute of Limitations

"Although the statute of limitations is ordinarily an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver, district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted. Walters v. Indus. & Commer. Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011); accord. Taiwan Civ. Rights Litig. Org., 2011 U.S. LEXIS 124812; see also, e.g., Joe Hand Productions, Inc. v. Nguyen, 2011 U.S. Dist. LEXIS 49408, at *6 (N.D. Cal. May 2, 2011) ("A court may deny a motion for entry of default judgment where a statute of limitations defense is apparent on the face of the complaint."); J & J Sports Prods. v. Martinez, 2010 U.S. Dist. LEXIS 36992, at *10-11 (N.D. Cal. Mar. 2, 2010). In this case, Plaintiff's complaint alleges LWI began soliciting investments in December 2003, approximately seven years prior to the filing of this complaint. [Compl. ¶ 2.] But Plaintiff's motion for default judgment reveals LWI must have solicited investments before December 2003 because all of the transfers at issue in this case took place on or before November 6, 2003, a fact confirmed by Plaintiff in his response to the Court's order to show cause. [See Doc. No. 8 at 1, 13; Doc. No. 7-4, Schaefer Decl. ¶¶ 5-8, Exs. 2-4; Doc. No. 9 at 4.] Therefore, Plaintiff's submissions revealed an apparent statute of limitations defect. Under these circumstances, it is proper for the Court to consider *sua sponte* whether Plaintiff's claims are barred by the relevant statute of limitations. See Walters, 651 F.3d at 293; Taiwan Civ. Rights Litig. Org., 2011 U.S. LEXIS 124812, at *9-10 n.6.

Moreover, "a district court may *sua sponte* dismiss a complaint as untimely so long as the defendant has not waived the defense." Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993). Plaintiff concedes that the statute at issue here–California Civil Code § 3439.09(c)–is not a traditional statute of limitations, but a statute of repose. [Doc. No. 10 at 3-4.] See Forum Ins. Co. v. Comparet, 62 Fed. Appx. 151, 152 (9th Cir. 2003) ("[W]e find that Cal. Civ.

1 Code § 3439.09(c) is a statute of repose pertaining to all actions relating to fraudulent transfers."). 2 Unlike a traditional statute of limitations, a statute of repose cannot be waived. Warfield v. 3 Alaniz, 453 F. Supp. 2d 1118, 1130 (D. Ariz. 2006); accord. Klein v. Capital One Fin. Corp., 2011 4 U.S. Dist. LEXIS 83905, at *22-23 n.5 (D. Idaho Jul. 29, 2011). Accordingly, because this 5 particular statute of limitations defense has not been and cannot be waived, the Court may consider 6 it *sua sponte*. See Levald, 998 F.2d at 687.

          i.     California's Uniform Fraudulent Transfer Act

8 Plaintiff's complaint asserts three claims under California's Uniform Fraudulent Transfer 9 Act ("UFTA"), California Civil Code §§ 3439 *et seq.* [Compl. ¶¶ 39-62.] In his response to the 10 Court's order to show cause, Plaintiff acknowledges that all but one of the fraudulent transfers 11 took place outside the statute of limitations, but nevertheless maintains he is entitled to recover 12 $6,000 for a transfer that took place on November 6, 2003. [Doc. No. 10 at 4-5.] In support of 13 this contention, Plaintiff argues that the relevant statute of limitations was tolled pursuant to 14 California Code of Civil Procedure § 356 when the district court stayed the original SEC action. 15 [Id. at 3-5.]

16 Under the UFTA, a receiver may recover monies lost by Ponzi-scheme investors. See 17 Donell v. Kowell, 533 F.3d 762, 767 (9th Cir. 2008). However, a cause of action under the UFTA 18 is extinguished unless brought within four years of the fraudulent transfer or, for an intentional 19 fraud, within one year after the transfer was or could reasonably have been discovered. CAL. CIV. 20 CODE §§ 3439.09(a)-(b). More importantly for purposes of this case, the UFTA also creates a 21 backstop of seven years within which a cause of action for a fraudulent transfer must be filed. 22 CAL. CIV. CODE § 3439.09(c). Section 3439.09(c) provides: "Notwithstanding any other 23 provision of law, a cause of action with respect to a fraudulent transfer or obligation is 24 extinguished if no action is brought or levy made within seven years after the transfer was made or 25 the obligation was incurred." Id. (emphasis added). As Plaintiff acknowledges, the fraudulent 26 transfers at issue here took place on or before November 6, 2003, [Doc. No. 7-4, Schaefer Decl. ¶¶ 27 5-8, Exs. 2-4], and he did not file suit in this Court until December 20, 2010, more than seven 28 years later. [See Compl.] Therefore, Plaintiff's claims under the UFTA are barred by section

1  3439.09(c).

2  Plaintiff argues that section 3439.09(c)'s seven-year backstop is subject to tolling by California Code of Civil Procedure § 356.  [Doc. No. 10 at 4-5.]  However, this contention is inconsistent with the plain language of section 3439.09(c).  "The phrase 'notwithstanding any other provision of law' is a 'term of art' that 'expresses a legislative intent to have the specific statute control despite the existence of other law which might otherwise govern.'"  Roach v. Lee, 369 F. Supp. 2d 1194,1199 (C.D. Cal. 2005) (quoting People v. Franklin, 57 Cal. App. 4th 68, 73-74 (1997)).  Therefore, 3439.09(c)'s seven-year backstop "is absolute," and "it cannot be tolled or otherwise extended."  Internet Direct Response, Inc. v. Buckley, 2011 U.S. Dist. LEXIS 28344, at *21 (C.D. Cal. Mar. 7, 2011); see, e.g., Roach, 369 F. Supp. 2d at 1199-1200 (holding that section 3439.09(c) cannot be tolled by California Civil Code § 351); cf. Inco Development Corp. v. Sup. Ct., 131 Cal. App. 4th 1014, 1022 (2005) (holding that the statute of repose for latent construction defects cannot be tolled by California Code of Civil Procedure § 356).  Accordingly, because Plaintiff did not file the present complaint until more than seven years after that the last fraudulent transfer was made, the Court **DISMISSES WITH PREJUDICE** Plaintiff's UFTA claims as barred by California Civil Code § 3439.09(c).

### ii.  Unjust Enrichment

Plaintiff's complaint also asserts a cause of action for unjust enrichment.  [Compl. ¶¶ 63-67.]  Plaintiff argues that this claim is not barred by the relevant statute of limitation because it is governed by California Code of Civil Procedure § 338, which is waivable.  [Doc. No. 10 at 5-6.]  Plaintiff further argues that by defaulting in the present action, Defendant waived her ability to assert section 338 as a defense.  [Id. at 6.]

As an initial matter, the Court notes that California courts are split as to whether an independent cause of action for unjust enrichment even exists.  See Manantan v. Nat'l City Mortg., 2011 U.S. Dist. LEXIS 82668, at *14-15 (N.D. Cal. Jul. 28, 2011) (explaining the split and citing cases).  Moreover, even assuming an independent causes of action exists, Plaintiff's cause of action would still be barred by California Civil Code § 3439.09(c).  Plaintiff is correct that " a suit under the UFTA is not the exclusive remedy by which fraudulent transfers may be attacked," and

1  common law remedies remain available. Jhaveri v. Teitelbaum, 176 Cal. App. 4th 740, 755
2  (2009). However, in enacting § 3439.09(c), "the Legislature clearly meant to provide an
3  overarching, all-embracing maximum time period to attack a fraudulent transfer, no matter
4  whether brought under UFTA or otherwise." Macedo v. Bosio, 86 Cal. App. 4th 1044, 1051 n.4
5  (2001). "[T]he maximum elapsed time for a suit under either the UFTA or otherwise is seven
6  years after the transfer." Id. (emphasis in original); accord. Roach, 369 F. Supp. 2d at 1199. This
7  conclusion is supported by the plain language of section 3439.09(c), which states that "a cause of
8  action with respect to a fraudulent transfer . . . is extinguished." CAL. CIV. CODE § 3439.09(c)
9  (emphasis added). Therefore, Plaintiff cannot attack a fraudulent transfer through an unjust
10 enrichment claim without satisfying the requirements of section 3439.09(c). See, e.g., Forum Ins.,
11 62 Fed. Appx. at 152 (holding that plaintiff's civil conspiracy claim was barred by section
12 3439.09(c)); Roach, 369 F. Supp. 2d at 1199 (holding that plaintiff's common law fraudulent
13 transfer claim was barred by section 3439.09(c)).

14 Moreover, with respect to Plaintiff's argument that Defendant waived her statute of
15 limitations defense, the Court has previously explained that section 3439.09(c) is a statue of repose
16 and is not waivable. See Warfield, 453 F. Supp. 2d at 1130; Klein, 2011 U.S. Dist. LEXIS 83905,
17 at *22-23 n.5. Accordingly, because Plaintiff did not file the present complaint until more than
18 seven years after that the last fraudulent transfer was made, the Court **DISMISSES WITH**
19 **PREJUDICE** Plaintiff's unjust enrichment claim as barred by California Civil Code § 3439.09(c).
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## **CONCLUSION**

For the reasons stated above, the Court:

1. **VACATES** the Court's August 29, 2011 order denying Plaintiff's motion for default judgment without prejudice and dismissing the action without prejudice for lack of personal jurisdiction [Doc. No. 14];

2. **GRANTS** Plaintiff's motion for reconsideration;

3. **DENIES** Plaintiff's motion for default judgment; and

4. **DISMISSES WITH PREJUDICE** Plaintiff's complaint. The clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED:** December 6, 2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**